THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ CALDERÓN,
    Plaintiff,

v.

INTERNAL MEDICINE CANOVANAS
GROUP CORP.,
    Defendant.

Civil No. 22-1240 (ADC)

## OPINION AND ORDER

Pending before the Court is Internal Medicine Canóvanas Group Corp.'s ("defendant") motion for summary judgment and to dismiss. **ECF No. 37**. For the reasons set forth below, the Court **DENIES** the motion at **ECF No. 37 WITHOUT PREJUDICE**.

**I.    Procedural Background**

On May 25, 2022, defendant removed the instant action filed by plaintiff Luz Calderón ("plaintiff") in the Puerto Rico Court of First Instance, Case No. CA2022CV00898, **ECF No. 1**. Plaintiff sued defendant for violations to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. Specifically, plaintiff sought injunctive relief and damages pursuant to "42 U.S.C. § 12188 due to [defendant's] noncompliance with the provisions of Title III … violations to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794… nominal damages [pursuant to *Uzuegbunam v. Preczewski*, 592 U.S. (2021)], compensatory damages, and other remedies…." **ECF No. 12-1** at 1.

The parties moved for an extension of time to conclude discovery. **ECF No. 28**. On February 13, 2024, defendant filed a motion for summary judgment and for dismissal under Fed. R. Civ. P. 56 and 12. **ECF No. 37**. On even date, defendant filed a proposed statement of uncontested material facts ("proposed statement of facts") and several exhibits. **ECF Nos. 37-1, 37-2**. Plaintiff filed an opposition on February 21, 2024. **ECF No. 38**. Plaintiff submitted an opposition statement to defendant's proposed statement of facts ("opposition statement") but did not include any exhibits. **ECF No. 38-1**. Moreover, plaintiff's opposition statement does not contain a single citation to the record or material in support. *Id*.

## II.    Violations of Fed. R. Civ. P. 56 and this District Court's Local Civil Rule 56

Under Local Civil Rule 56(c):

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, **the opposing statement shall support each denial or qualification by a record citation as required by this rule**. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule. (Emphasis added).

If a party fails to properly controvert the facts, the court may treat those facts as uncontroverted. *Natal-Pérez v. Oriental Bank & Tr.*, 291 F. Supp. 3d 215, 219 (D.P.R. 2018). Litigants who ignore this rule do so "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007), *Puerto Rico American Ins. Co. v. Rivera–Vázquez*, 603 F.3d 125, 131 (1st Cir. 2010).

Plaintiff failed to comply with Local Civil Rule 56(c) and Fed. R. Civ. P. 56(c)(1)(A). Indeed, plaintiff did not include a single document, nor did she include a citation to any material in the record in support. This failure allows the Court to "exercise [] its sound discretion, [and] to accept the moving party's facts as stated." *Adv. Flexible Circuits, Inc. v. GE Sensing & Inspection Techs. GmbH*, 781 F.3d 510, 521 (1st Cir. 2015)(citations and internal quotation marks omitted).

Defendants also failed to comply with Fed. R. Civ. P. 56 and Local Civil Rule 56 inasmuch as some of their proposed statements of uncontested facts are not supported by any material on the record. In relevant part, under Fed. R. Civ. P. 56(c)(1)(A) "[a] party asserting that a fact cannot be… genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record…". Although defendants did submit several documents with their proposed statement of facts and included reference to the record, some of their factual propositions are not supported by the documents. *See* **ECF No. 37-1** at 2-4.

## III.   Undisputed Facts[1]

The Complaint requests a permanent injunction against defendant due to alleged violations to the provisions of the American with Disabilities Act (hereinafter referred to as "ADA"), 42 U.S.C. § 12188, *et seq*. **ECF Nos. 37-1** at 1-2; **38-1** at 1.

---

[1] Aside from those specifically identified herein, the Court draws these facts from the well-pleaded facts asserted in the pleadings and the SUMF submitted by the parties that comply with Local Rule 56. *See CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). Although the court reviewed every statement submitted by the parties, it will only consider and include in this Opinion and Order those facts that are material for purposes of summary judgment as mandated by Fed. R. Civ. P. 56.

- Internal Medicine Canóvanas Group Corp., is a "public accommodation." **ECF Nos. 37-1** at 2; **38-1** at 1. Specifically, defendant runs a "private medical office" open to the general public. *Id*. Defendant operates on leased property and is, thus, not the owner of the facilities, which were built in the year 1999. *Id*.

- The leased property does not have a parking lot or parking area for patients or the public. **ECF Nos. 37-2** at 5.

## VI. Discussion

Defendant seeks summary judgment on several grounds. First, it questions whether plaintiff visited the premises and whether she "expressed discomfort or any physical barriers that she allegedly encountered during her alleged visit on February 3, 2022." **ECF No. 37** at 7. Second, defendant argues that summary judgment is proper because it "made nonstructural modifications to the property to improve accessibility… includ[ing] accessible counters for services and information area, patient's accessible bathroom, internal elevator to access the second floor and marked waiting accessible area… accessible entrance… ha[s] a ramp as a form of the designated accessible route in the main…". *Id*., 7-8. Accordingly, defendant posits "persons with disabilities… can enter the facilities and access the designated counter, make use of the accessible toilet room and take the elevator for the second floor of the building. As such, all Plaintiff's claims are moot… defendant's voluntarily… made the necessary renovations [] and [the property is noy in] compliance with the ADA Standards." *Id*. As to the remaining alleged barriers (*i.e.* parking area, sidewalk, main entrance and ramps), defendant asserts these

"elements [are] out of the control of Defendant[]…and thus [are] not their responsibility" under ADA. *Id*., at 8, 10.

Defendant also requests joinder of parties and, simultaneously, the dismissal of the complaint for lack of an indispensable party. To wit, defendant moves for permissive joinder of parties pursuant to Fed. R. Civ. P. 20(a)(2) because plaintiff failed to include the "landlord/owner of the facility…" and "PREPA or Luma Energy" who "manage[], own and operate[]" the "sidewalk…, the ramp and the parking lot spaces." **ECF No. 37** at 11-12. However, at the same time, defendant argues that the landlord, "PREPA or Luma Energy" are "indispensable part[ies] and thus this case should be dismissed… pursuant to [Fed. R. Civ. P.] 12(b)(7)." *Id*., at 19.

Finally, in a border-line incomprehensible argument, defendant seeks dismissal of certain Title III ADA claims because plaintiff did not assert Title II claims against non-party government agencies and municipalities.[2] **ECF No. 37** at 21-22. Notably, these arguments hinge on

---

[2] Defendant states, *verbatim*, as follows: "[w]hen closely analyzed, through Mrs. Calderón allegations, Plaintiff seeks to hold only liable Internal Medicine Canóvanas Group Corp., responsible under Title III, seeking a remedy for full compliance on matters that involves third indispensable parties that are not contemplated by Congress under this same Title III, but rather a different Title II and thus distinct standards apply.

The fact that the indispensable parties are 'public entities' is, thus, a crucial element of Plaintiff's Complaint. 42 U.S.C. § 12132. Therefore, it is fundamental that the Complaint establishes that all needed Defendants brought before this Honorable Court also to be held liable under Title II of ADA, since they are in fact, public entities. Quite simple, Plaintiff did not aptly attempt or achieve under this current claim and allegations…

Naturally, the indispensable parties PREPA or Luma Energy are a private-public agency instrumentalities under the Government of Puerto Rico and the Municipality of Canóvanas, Puerto Rico. Being the public Government entity on itself. Under this ADA Title III claim and relief sought indispensable participation of these parties is required and thus, an ADA Tittle II action is also missing. So the proper question is: what allegations may we look to in the Complaint whereby the Plaintiff establishes and arises allegations under the control and operation of indispensable parties that are in fact a governmental unit? The answer is nowhere." **ECF No. 37** at 21-24

defendant's claim that certain barriers are under the exclusive control of third-party entities that are allegedly related to the government or municipalities.

The Court cannot grant summary judgment at this juncture because defendant has failed to meet its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)("a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[.]'"). First of all, aside from counsel's arguments questioning if plaintiff really did visit the defendant's business, defendant did not cite any material in the record supporting such speculation. For example, even though defendant asserted that plaintiff's name was not in their business's records, defendant failed to submit a single paper or point to an affidavit in support of such statement. *See* Fed. R. Civ. P. 56(c).

Second, neither can the Court rule that plaintiff's request for injunction is moot due to alleged modifications defendant made to counters, restrooms, and other areas of their business.[3] Defendant only submitted several photographs of the premises in support. However, without an affidavit or report explaining how the alleged barriers were either brought up to code or were compliant with ADA regulation in the first place, the photographs have little weight when it comes to determining mootness. The mootness doctrine "addresses whether an intervening

---

[3] Mootness refers to when the issues in a case "are no longer 'live' or the parties lack a legally cognizable interest in the outcome, such that it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Ruiz*, 83 F.4th 68, 73 (1st Cir. 2023) (quoting *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191-92 (1st Cir. 2022)) (cleaned up).

circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *Moore v. Harper*, 600 U.S. 1, 14 (2023) (quoting *West Virginia v. EPA*, 597 U.S. 697, 719 (2022)). It is a corollary of the "Case" and "Controversy" jurisdictional requirement contained in Article III of the United States Constitution. *Id.* The burden of establishing mootness lies with the party asserting its application. *See Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (citing *Conservation Law Found. v. Evans*, 360 F.3d 21, 24 (1st Cir. 2004)). Where "the only conceivable basis for a finding of mootness... is the [defendant's] voluntary conduct," the burden of establishing mootness is a heavy one. *West Virginia v. EPA*, 597 U.S. at 719 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (cleaned up). This is because "a party should not be able to evade judicial review... by temporarily altering questionable behavior." *See Am. C.L. Union of Massachusetts*, 705 F.3d at 54 (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001)). Accordingly, defendant failed to establish that plaintiff's claims have become moot.

Third, the Court is also unable to grant dismissal due to lack of indispensable parties. Notably, defendant's request is based on "facts" that the Court cannot ascertain, either under Fed. R. Civ. P. 12(b)(7) or 56. To wit, defendant's theory for dismissal requires that the Court finds that the premises and the alleged barriers are under the exclusive control of the missing parties. Defendant did not submit a single piece of paper, affidavit or other material in support of that contention. Neither do the pleadings of the case support such finding.

Finally, defendant failed to tee up factual statements for the Court to determine if the missing parties are truly governmental entities and if they are relevant at all in this case. The Court cannot entertain this statement as it is merely counsel's argument. Indeed, in its motion for summary judgment defendant, through counsel, argues that "PREPA or Luma Energy are a private-public agency instrumentalities under the Government of Puerto Rico and the Municipality of Canóvanas, Puerto Rico." **ECF No. 37** at 23. But defendant submitted nothing in support nor did it properly request that the Court take judicial notice. *See In re Colonial Mortg. Bankers*, 324 F.3d 12 (1st Cir. 2003); *United States ex rel. Winkelman v. CVS Caremark Corporation*, 827 F.3d 201, 208 (2016).

In light of all the above, the Court finds that defendant has failed to properly support the material facts underlying its request for summary judgment and dismissal. **ECF No. 37**.

IV. **Conclusion**

For all the above, defendant's motion for summary judgment and to dismiss at **ECF No. 37** is **DENIED WITHOUT PREJUDICE**. Pursuant to Fed. R. Civ. P. 56(e)(1) the Court will "give [defendant] an opportunity to properly support or address the facts." Defendant is granted 20 days from the issuance of this order to renew its request for summary judgment and/or dismissal.

Plaintiff is granted 20 days to show cause why the Court should not dismiss her tort claims and "nominal damages" claim. Plaintiff's motion in compliance shall not exceed 15 pages in length. *See, inter alia, Román v. Hatillo Cash and Carry, Inc.*, 2019 WL 8759095, at *6 (D.P.R.

2019)(quoting *Aguirre v. Mayaguez Resort and Casino, Inc.*, 59 F.Supp.3d 340, 357 (D.P.R. 2014)); *Arroyo-Flores v. IPR Pharm., Inc.*, 15-cv-1998, 2017 WL 944194, at *20 (D.P.R. Mar. 9, 2017); *Irizarry-Santiago v. Essilor Industries*, 982 F. Supp. 2d 131, 140 (D.P.R. 2013); *Rivera-Meléndez v. Pfizer Pharm., Inc.*, 747 F. Supp. 2d 336, 339 (D.P.R. 2010); *Medina v. Adecco*, 561 F. Supp. 2d 162, 175-76 (D.P.R. 2008)); *Santiago Ortiz v. Caparra Ctr. Associates, LLC*, 261 F. Supp. 3d 240, 250 (D.P.R. 2016); *Orellano-Laureano v. Instituto Medico del Norte, Inc.*, 2023 WL 4532418, at *6 (D.P.R. 2023); *Sierra-Morales v. Sistema Universitario Ana G. Méndez Incorporado*, 2023 WL 2926243, at *6 (D.P.R. 2023).

    **SO ORDERED**.

    At San Juan, Puerto Rico, on this 11th day of June 2024.

                                           **S/AIDA M. DELGADO-COLÓN**
                                           **United States District Judge**