UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ CALDERÓN,

    Plaintiff,

v.

INTERNAL MEDICINE CANÓVANAS GROUP CORP., et al.,

    Defendants.

Civil No. 22-1240 (ADC)

**OPINION AND ORDER**

Before the Court is a motion to set aside the Court's Opinion and Order of September 10, 2025, **ECF No. 79**, filed by plaintiff Luz Calderón ("Calderón" or "plaintiff") on September 11, 2025, **ECF No. 80**.

Plaintiff raises two primary bases for which she claims the Opinion and Order should be set aside. First, that plaintiff has a viable Rehabilitation Act claim which the Opinion and Order did not address, and secondly, that the Court misapplied the six-part test set forth in *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299 (1st Cir. 2003), in granting summary judgment. For the reasons set forth below, the plaintiff's motion is **DENIED**.

**I.    Legal Standard**

"[A] motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-*

*Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). Moreover, a motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006); *see also Villanueva-Méndez*, 360 F. Supp. 2d at 325 ("The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law. . . ."). "[T]he district court has substantial discretion and broad authority to grant or deny such a motion." *Ruiz Rivera*, 521 F.3d at 81 (quoting *United States v. 5 Bell Rock Rd.*, 896 F.2d 605, 611 (1st Cir.1990)).

## I.  Plaintiff's Rehabilitation Act Claims

Plaintiff claims that "[t]he Court's Opinion and Order . . . fails to analyze or dismiss [plaintiff's Section 504 Rehabilitation Act] claim." **ECF No. 80**, at 8-11. This is incorrect. The Court's Opinion and Order explicitly addresses plaintiff's Section 504 Rehabilitation Act claims:

> The Court notes here that plaintiff's claims under the Rehabilitation Act requested relief in the form of damages and declaratory relief. **ECF No. 12-1**, at ¶¶ A ("A declaratory judgment providing that the Respondent has violated the requirements of the Rehabilitation Act of 1973. . . "), E ("Compensatory damages under the Rehabilitation Act."), F ("Nominal damages . . . . [for] violation of the Rehabilitation Act. . . ."). Plaintiff voluntarily dismissed her claims for damages, **ECF Nos. 40, 43**, and the Court declines herein to grant declaratory judgment. *See El Dia, Inc. v. Hernandez-Colón*, 963 F.2d 488, 493 (1st Cir. 1992) ("[D]eclaratory relief, both by its very nature and under the plain language of 28 U.S.C. § 2201, is discretionary."). Thus, the Court does not address plaintiff's Rehabilitation Act claims in this Opinion and Order.

Opinion and Order, **ECF No. 79**, at 3 n. 1.

Plaintiff voluntarily dismissed her damages claims, **ECF Nos. 40, 43**, and the Court declined to grant declaratory judgment for the Rehabilitation Act claims. **ECF No. 79**. There are no remaining relief claims for the Court to address under the Rehabilitation Act, and thus no remaining relief for the Court to consider or apportion.

## II.   Application of the *Dudley* Standard

Plaintiff opines that the Court's application of *Dudley*, requiring that plaintiff have informed the defendant of barriers prior to filing suit, constitutes "a profound miscarriage of justice" and "reflects a fundamental misunderstanding of disability discrimination law." **ECF No. 80**, at 11, 13.

Yet this very same attorney has litigated before the Court on multiple occasions where the Court applied the *Dudley* standard in discussing pre-suit notice under Title III of the ADA. *See Vélez-Rodríguez v. Didaxis, Inc.*, No. CV 23-1287 (RAM), 2024 WL 3347228, at *4 (D.P.R. July 8, 2024); *Betancourt-Colón v. Supermercados Maximo, Inc.*, No. CV 3:22-01274 (GMM), 2024 WL 2702330, at *11 (D.P.R. May 23, 2024); *Betancourt-Colón v. Puerto Rico Convention Ctr. Dist. Auth.*, No. CV 22-01288 (MAJ), 2023 WL 5163320, at *4 (D.P.R. Aug. 11, 2023); *Betancourt-Colón v. Kimco PR Mgmt. Corp.*, Civ. No. 22-1055 (DRD), 2023 WL 6393065 (D.P.R. Sept. 30, 2023). Thus, the argument that a "pre-suit notice requirement . . . does not exist under Title III" and that the notice "requirement simply does not exist in federal law" is erroneous. **ECF No. 80**, at 1-2; *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299 (1st Cir. 2003).

Plaintiff's references regarding administrative exhaustion of remedies fails to show any manifest error of law and are inapposite; the notice at issue here is a pre-suit notice to the entity alleged to have violated the ADA, not any notice to state or local administrative authorities. **ECF No. 80**, at 3-5 (citing *Medina-Rodríguez v. Fernández Bakery, Inc.*, 255 F. Supp. 3d 33, 340 (D.P.R. 2017) ("The weight of recent authority, however, allows the Court to conclude that Title III of the ADA imposes no requirement to **provide notice to state or local authority or to exhaust administrative remedies** prior to filing suit." (emphasis added))).

Finally, although plaintiff is correct in noting that the *Dudley* test originates from an ADA Title III case regarding a request to modify discriminatory policies and practices, this Court has applied the *Dudley* test to assess standing broadly for "Title III claim[s]." *See, e.g., Vélez-Rodríguez*, 2024 WL 3347228, at *4; *Martínez v. Nat'l Univ. Coll.*, No. CV 18-1975 (DRD), 2020 WL 1933646, at *4 (D.P.R. Apr. 21, 2020). Moreover, the Court maintains that the application of the *Dudley* test to plaintiff's Title III claims in the instant case was appropriate, given that plaintiff claimed discrimination based on the intertwined ADA Title III claims related to architectural barriers, namely: (i) defendant's failure to remove architectural barriers and (ii) defendant's policy and practice of failing to remove architectural barriers. **ECF No. 12-1**, at 14-20.

The Court finds that plaintiff's arguments regarding reconsideration fail to demonstrate any manifest error of law. Accordingly, and for the reasons stated above, the Court **DENIES** plaintiff's motion for reconsideration at **ECF No. 80**.[1]

The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2025.

                                                        **S/AIDA M. DELGADO-COLÓN**
                                                        **United States District Judge**

---

[1] Accordingly, defendants' request for extension of time (**ECF No. 81)** in which to respond to plaintiff's request for reconsideration is **DENIED** as **MOOT**.