UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ CALDERÓN,<br><br>    **Plaintiff,**<br><br>v.<br><br>INTERNAL MEDICINE CANÓVANAS GROUP CORP., et al.,<br><br>    **Defendants.** | Civil No. 22-1240 (ADC) |

**OPINION AND ORDER**

Before the Court is a motion for attorney's fees, filed by defendant Internal Medicine Canóvanas ("Internal Medicine" or "defendant") on October 13, 2025. **ECF No. 86**. Plaintiff Luz Calderón ("Calderón" or "plaintiff") filed a response in opposition on October 22, 2025. **ECF No. 87**. Internal Medicine filed a reply on October 30, 2025. **ECF No. 90**.

For the reasons set forth below, the defendant's motion for attorney's fees is **DENIED**.

**I.    Procedural and Factual Background**

Plaintiff sued Internal Medicine for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. and the Rehabilitation Act of 1973 (the "Rehabilitation Act"). Specifically, plaintiff alleged a violation of 42 U.S.C. § 12182(b)(2)(A)(ii) (reasonable modifications in policies, practices, or procedures) and 42 U.S.C. § 12182(b)(2)(A)(iv) (architectural barriers). For these alleged violations, plaintiff sought injunctive relief and damages pursuant to "42 U.S.C. § 12188 due to [defendant's] noncompliance with the provisions of Title III . . . [and due to] violations

[of] Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. . . ." **ECF No. 12-1** (certified translation of summons and complaint), at 1.

Defendant moved for summary judgment and to dismiss under Fed. R. Civ. P. 56 and 12, **ECF Nos. 37, 55**, which plaintiff opposed, **ECF No. 62**. On September 10, 2025, the Court granted defendant's motion for summary judgment and dismissed plaintiff's claims with prejudice. **ECF No. 79**. Certain of plaintiff's claims were dismissed as moot, based on modifications Internal Medicine made to its premises that brought them into compliance with the ADA. *Id.*, at 10. On September 11, 2025, plaintiff moved for reconsideration, **ECF No. 80**, which the Court denied, **ECF No. 84**.

Subsequently, defendants moved for an award of attorney's fees, alleging that plaintiff's case had been "devoid of legal or factual merit, unreasonably prolonged proceedings, and wasted judicial and party resources." **ECF No. 86**, at 18. Plaintiff opposed, arguing that there was "no prevailing party" and, even if defendant were considered a prevailing party, the lawsuit was not frivolous. **ECF No. 87**, at 17-18.

II. **Legal Standard**

Attorney's fees may be awarded to a prevailing party if the relevant statute provides for such an award. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257 (1975). A prevailing party "must show both a 'material alteration of the legal relationship of the parties,' and a 'judicial imprimatur on the change.'" *Garavanian v. JetBlue Airways Corp.*, 149 F.4th 95, 100

(1st Cir. 2025). There is a "judicial imprimatur" on the change where plaintiff has "received a judgment on the merits." *Aronov v. Napolitano*, 562 F.3d 84, 89 (1st Cir. 2009).

Under the ADA, a court may award attorney's fees to a prevailing defendant only if "the plaintiff's suit was totally unfounded, frivolous, or [it was] otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so." *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 11 (1st Cir. 1999) (holding that the test for attorney's fees established by *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 422 (1978) applies in First Circuit ADA cases where a party seeks attorney's fees).

### III. Discussion

Defendant argues that plaintiff's litigation "demonstrate[d] a pattern of inadequate procedural compliance that could support arguments that the litigation lacked foundation" and that the "failure to establish *prima facie* elements, procedural deficiencies, and partial mootness through Defendant's remedial actions could collectively support arguments that continuing the litigation was unreasonable." **ECF No. 86**, at 8. Plaintiff argues that, as a threshold matter, defendant is not a "prevailing party," and that, even if defendant were one, plaintiff's litigation was not unfounded, frivolous, or unreasonable. **ECF No. 87**, at 2-3.

As to the threshold issue, it is clear that defendant is indeed a prevailing party. In granting defendant's motion for summary judgment, there was a material alteration in the legal

relationship between plaintiff and defendant, and this judgment on the merits constituted a judicial imprimatur on the change. *See Aronov*, 562 F.3d at 89.

Plaintiff's litigation, however, was not "frivolous, unreasonable, or without foundation at the time suit was brought or continued." *Bercovitch*, 191 F.3d at 12. Neither the procedural deficiencies in plaintiff's filings, nor plaintiff's failure to request reasonable accommodations before filing suit indicates that plaintiff's ADA claim was frivolous, unreasonable, or meritless. *See* **ECF No. 86**, at 6-7. To the contrary, defendant's ultimate modifications to bring the Internal Medicine premises into compliance with ADA guidelines indicates that genuine issues with ADA compliance existed at the property. *See, e.g.*, **ECF No. 79**, at 10**.** Moreover, the Court "retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Bercovitch*, 191 F.3d at 12. In these circumstances, discretion favors denial of attorney's fees.

**IV.    Conclusion**

The Court finds that, for the purposes of defendant's request for attorney's fees, plaintiff's claims were not frivolous, unreasonable, or meritless. Accordingly, and for the reasons stated above, the Court **DENIES** defendant's motion for attorney's fees.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 3rd day of February, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**